David M. KAPLAN, KBA Member No. 37242, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2002–SC–0316–KB.

Supreme Court of Kentucky.

June 13, 2002.

## OPINION AND ORDER

Movant David M. Kaplan desires to terminate Kentucky Bar Association (KBA) proceedings against him by consenting to a suspension from the practice of law for a period of forty-five (45) days pursuant to SCR 3.480(3). The KBA joins in the motion for suspension.

On March 16, 2001, the Inquiry Commission entered an order consolidating two disciplinary proceedings against Kaplan. KBA File Number 7886 involved Kaplan's

representation of Queenie McAllister in a probate proceeding. The charge contained three counts against Kaplan alleging a lack of diligence in violation of SCR 3.130–1.3, a failure to communicate with a client in violation of SCR 3.130–1.4, and a failure to refund all or part of an unearned fee in violation of SCR 3.130–1.16. KBA File Number 8170 involved Kaplan's representation of Sue and William Jones in a custody proceeding. That charge contained two counts also alleging violations of SCR 3.130–1.3 and 1.4.

Queenie McAllister met with Kaplan on August 4, 1998, to discuss the probate of the estate of Robert Woolfolk, her uncle. McAllister had been appointed the personal representative of the estate on July 12, 1996 and sought the aid of Kaplan when the probate court informed her that she needed to file a settlement. After discussing the matter with McAllister, Kaplan informed her that certain debts and taxes would need to be paid prior to filing a final settlement. Approximately one month after this first meeting, McAllister mailed certain financial documents to Kaplan showing that debts had been satisfied. However, that package did not contain any evidence that a bill from Mercury Ambulance Service had been paid.

Because this evidence was needed before a final settlement could be filed, McAllister contacted Mercury Ambulance and requested that they send proof of payment directly to Kaplan. That proof of satisfaction never arrived nor did any other form of proof from McAllister. Kaplan acknowledges that, after receiving McAllister's letter and documents, he had an affirmative obligation to communicate with her but failed to do so. In September 1999, McAllister received notice from the probate court that a settlement had not yet been filed.

Also, in September 1999, McAllister sent a letter to Kaplan by certified mail. That letter was never picked up and was eventually returned to her. Apparently, some of the communications break down was due to Kaplan's secretary either refusing receipt of certain letters or failing to forward them on to Kaplan. Eventually, McAllister retained new counsel who filed the final settlement in probate court along with a Dismissal of Claim from Mercury Ambulance. The probate court approved that settlement, so McAllister was not adversely affected or materially prejudiced as a result of Kaplan's lack of communication and diligence. Kaplan has returned her full retainer fee.

On January 18, 2000, Kaplan met with Sue and William Jones to discuss the custody of their grandchild. The Joneses' daughter, Amanda, had passed away, and the grandchild's father could not be found. Kaplan fully discussed the issues with them on that date, including service of process through a warning order and the legal consequences of such action. Kaplan prepared a child custody petition which was subsequently executed by the Joneses. Approximately two months later, the Joneses contacted Kaplan to inform him that they would be out of town for a week. After their return, they were unable to communicate with Kaplan.

The Joneses sent two letters by certified mail to Kaplan in July 2000 and made a number of telephone calls to his office. Kaplan responded to none of these attempted communications. Receipt cards for the certified letters were returned to the Joneses with the signature of Kaplan's secretary. However, the letters were placed in the Joneses' file and not brought to Kaplan's attention. After receiving the bar complaint, Kaplan asked his secretary to locate the Joneses' file which she was unable to do. Kaplan's secretary eventual-

ly left his employment, and Kaplan ultimately found the file containing the letters.

Successor counsel filed a petition for child custody in the Fayette Circuit Court, and the Joneses' request for temporary custody was granted. Thus, the Joneses were also not adversely affected or materially prejudiced by Kaplan's lack of communication and diligence, and Kaplan has returned their entire retainer fee and filing fee.

Kaplan agrees that his conduct in these two cases fell below the standard of conduct required by SCR 3.130–1.3 and SCR 3.130–1.4. Even though part of the communication problem was brought about by Kaplan's support staff, Kaplan acknowledges that the ultimate responsibility for communicating with a client and for handling a case lies with him. Therefore, he agrees to a forty-five day suspension from the practice of law and agrees to pay all costs associated with this matter. The KBA agrees to this course of discipline.

Upon the foregoing facts and charges, it is ordered that Movant's motion for termination of the proceedings against him is granted. It is further ordered that:

1. The Movant, David M. Kaplan, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of forty-five (45) days. The period of suspension shall commence on the date of entry of this order and continue until such time as Movant is reinstated to the practice of law by order of this Court.

2. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $224.70, and for which execution may issue from this Court upon finality of this opinion and order.

All concur.

ENTERED: June 13, 2002.

/s/ Joseph E. Lambert
   Chief Justice